**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

PHILIP HARRY MARSHNER          :

    Petitioner                 :

    v                          :        Civil Action No. RDB-06-254

JON P. GALLEY, Warden, *et al.*     :

    Respondents             :
                                              oOo

## MEMORANDUM OPINION

The above-captioned Petition for Writ of Habeas Corpus was filed January 30, 2006, pursuant to 28 U.S.C. § 2254. Paper No. 1. On April 27, 2006, the Court issued an Order requiring a further response from Respondents concerning whether Petitioner's Motion for Review of Sentence by a Three Judge Panel, filed May 9, 2003, tolled the one-year limitation period for federal habeas corpus review. Papers No. 6 and 7. Respondents have supplemented their answer, asserting that the motion did not toll the limitation period. Paper No. 11. Petitioner has filed a reply in opposition. Paper No. 12. Upon review of the papers filed, the Court finds a hearing in this matter to be unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6; *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (Petitioner not necessarily entitled to a hearing under 28 U.S.C. § 2254(e)(2)).

Background

On February 24, 2003, Petitioner pleaded guilty to one count of distribution of cocaine and two counts of possession with intent to distribute in the Circuit Court for Queen Anne's County. Paper No. 3 at Ex. 1. Pursuant to his guilty plea, Petitioner was sentenced to serve 45 years in prison on April 14, 2003. *Id.* Petitioner did not file an application for leave to appeal after his guilty plea; accordingly, his conviction became final on May 14, 2003, after the time for filing leave to appeal

had expired.  *See* Md. Cts & Jud. Proc., Code Ann. § 12-302(e).  Petitioner filed a Motion for

Review of Sentence by a Three Judge Panel on May 9, 2003, which remained pending until July 21,

2003.  Paper No. 3 at Ex. 1.  On November 26, 2003, Petitioner filed a post-conviction petition in

the Circuit Court, but withdrew the petition without prejudice on January 29, 2004.  Paper No. 3 at

Ex. 1.  On September 7, 2004, Petitioner filed a second post-conviction petition.  *Id*.  A hearing on

the petition was held on February 7, 2005, and on May 2, 2005, relief was denied.  *Id*.  An

application for leave to appeal denial of post-conviction relief was filed and on December 14, 2005,

the Maryland Court of Special Appeals summarily denied the application.  *Id*. at Ex. 2.  If

Petitioner's Motion for Review of Sentence tolled the one-year filing period for federal habeas, then

at the time the post-conviction petition was withdrawn, the statute of limitations for filing federal

habeas petition had been running for four months, between July 21, 2003, and November 26, 2003.

If Petitioner's Motion for Review of Sentence did not toll the one-year filing period, the Petition for

Writ of Habeas Corpus is untimely.  For the reasons that follow, the Court finds that the Motion for

Review of Sentence did not toll the one-year filing period and the Petition must be dismissed as

untimely.

## Standard of Review

There is a one-year period of limitation imposed on prisoners seeking to file a petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The one-year period begins to run on the date

the criminal conviction is final; however, it is tolled while properly filed post-conviction

proceedings are pending. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th

Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000).  The statute further specifies

that the one- year limitation begins to run:

> from the latest of-- (A) the date on which the judgment became final
> by the conclusion of direct review or the expiration of the time for
> seeking such review; (B) the date on which the impediment to filing
> an application created by State action in violation of the Constitution
> or laws of the United States is removed, if the applicant was
> prevented from filing by such State action; (C) the date on which the
> constitutional right asserted was initially recognized by the Supreme
> Court, if the right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C.§ 2244(d)(1).

A properly filed post-conviction proceeding is not defined in 28 U.S.C. 2244(d)(1), which

provides that:

> The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period
> of limitation under this subsection.

The issue *sub judice* is whether a Motion for Review of Sentence by a three judge panel

constitutes "other collateral review" and tolls the limitation period.  Under Maryland Rule 4-345(e),

> [u]pon a motion filed within 90 days after imposition of a sentence
> (A) in the District Court, if an appeal has not been perfected or has
> been dismissed, and (B) in a circuit court, whether or not an appeal
> has been filed, the court has revisory power over the sentence except
> that it may not revise the sentence after the expiration of five years
> from the date the sentence originally was imposed on the defendant
> and it may not increase the sentence.

The review panel considering the motion "consists of three or more circuit court judges of the

judicial circuit in which the sentencing court is located" and "notwithstanding any Maryland Rule,

the sentencing judge may not be a member of the review panel."  Md. Crim. Proc., Code Ann. § 8-

105(a) and (b).  The sole consideration for the review panel is to determine whether the sentence

imposed should remain unchanged, increased, decreased, suspended in whole or in part, or suspended with or without probation. *See* Md. Crim. Proc., Code Ann. § 8-105(c)(3).  There is no provision for the panel to review or determine allegations of trial error or other improprieties normally addressed in appellate or post-conviction review.

The Fourth Circuit addressed a similar provision in a case from West Virginia.  *See Walkowiak v. Haines*, 272 F. 3d 234 (4th Cir. 2001).  Under the West Virginia Criminal Procedure Rule 35(b):

> A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation.  The court shall determine the motion within a reasonable time.  Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

The Fourth Circuit concluded that because a motion under West Virginia Rule of Criminal Procedure 35(b) is not a separate and distinct proceeding from the criminal trial in which the legality of the original judgment is challenged, it is not a post-conviction proceeding or other collateral review that operates to toll the one-year limitation under 28 U.S.C. 2244(d)(2). *See Walkowiak*, 272 F. 3d at 237.  In reaching that conclusion, the Court reasoned that a Rule 35 (b) motion is heard by the same court that sentenced the defendant and the preclusive effect of prior proceedings are not addressed, the motion is "most appropriately understood as part and parcel of the original proceeding in which the defendant was sentenced, not as a separate proceeding." *Id*.  Similar to a Motion under Maryland Rule 4-345(e), "[t]he only issue before the court . . . is whether the defendant,

although sentenced in conformity with applicable laws, nevertheless presents some compelling *non-legal* justification that warrants mercy." *Id*. at 238.

Analysis

Although a three judge panel review under Maryland Rule 4-345(e) generally does not include the judge who imposed the criminal sentence,[1] this Court finds that one distinction from the West Virginia proceeding insignificant. To the extent that a three judge panel review is limited to increasing, modifying or reducing a sentence upon consideration of an application, it is not similar to a post-conviction proceeding or other collateral review. *See* Md. Crim Proc., Code Ann. § 8-107; *see also Robinson v. Warden, Md. House of Correction*, 455 F. 2d 1172, 1176 (4th Cir. 1972) ("Sentence review deals only with the justness of punishment, and a statute such as Maryland's gives adequate notice that the review panel may find sentences unjust because they are too short, as well as because they are too long."). The substance of a post-conviction proceeding, on the other hand, concerns allegations of trial court error. "A post-conviction proceeding, often called a 'collateral proceeding,' brought under the Act is not an appeal of the judgment; rather, it is a collateral attack designed to address alleged constitutional, jurisdictional, or other fundamental violations that occurred at trial." *Moseley v. State*, 378 Md. 548, 560, 836 A. 2d 678, 685 (2003), *citing* Md. Crim. Proc., Code Ann § 7-102; *Maryland State Bar Ass'n v. Kerr*, 272 Md. 687, 689-90, 326 A.2d 180, 181 (1974) (explaining that a post-conviction proceeding in Maryland does not constitute a part of the original criminal cause, but is an independent and collateral civil inquiry into the validity of the conviction and sentence).

---

[1] *See* Md. Crim. Proc. Code Ann. §8-105(b), permitting sentencing judge to sit with the review panel in an advisory capacity upon request.

Petitioner's reliance on *State v. Ward*, 31 Md. App. 68, 354 A. 2d 834 (1976) is misplaced, inasmuch as that case held that the State has no right to appeal the decision of a three judge panel review, absent an allegation that the sentence imposed was illegal.  *Id*. 31 Md. App. at 75, 354 A. 2d at 839.  While a final decision issued by a three judge panel is in fact an appealable decision under Maryland law,[2] the issues subject to review by the panel are unlike those capable of review in a collateral review proceeding.  Accordingly, the Court concludes that the instant Petition for Habeas Corpus Relief is untimely.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'"  *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000).  To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his Petition or that circumstances that were beyond his control caused the delay.  *See Harris* 209 F. 3d at 330.  Petitioner has not yet been provided with an opportunity to present argument that he is entitled to equitable tolling of the one-year limitation period.  Accordingly, Petitioner shall be granted 30 days in which to file a supplemental reply addressing any claims he wishes to raise regarding equitable tolling.  A separate Order follows.

August 2, 2006                              /s/_____
Date                                             RICHARD D. BENNETT
                                                  UNITED STATES DISTRICT JUDGE

---

[2] *See Collins v. State*, 321 Md. 103,106, 581 A.2d 426, 427 (1990) (order denying application for review of sentence is final order subject to appeal).